F I L E D
CLERK OF COURT

2025 JUL 31 PM 12: 08

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**BRYAN K. MATHEUS,**<br>*aka* **Bryan Matheus**<br>*aka* **Brien Matthews**<br>*aka* **Breien Soram**<br>DOB: 06/23/1996 or 02/23/1997 or<br>06/23/1993 or 01/25/1996<br><br>Defendant. | ) CRIMINAL CASE NO. **CF0367-25**<br>) GPD Report No. 25-12723<br>)<br>)<br>)<br>)<br>)<br>) **DECISION & ORDER**<br>) **RE. DEFENDANT'S MOTION IN**<br>) **LIMINE TO EXCLUDE STATEMENTS**<br>) **DUE TO LATE DISCLOSURE**<br>)<br>)<br>)<br>)<br>) |

This matter came before the Honorable Alberto E. Tolentino on July 28, 2025, for Jury Selection and Trial. Defendant Bryan Matheus ("Defendant") was present with counsel Alternate Public Defender Peter Santos. Assistant Attorney General Dante Harootunian was present for the People of Guam ("People"). Before selecting a jury of twelve (12), the court addressed the Defendant's Motion in *Limine* to Exclude Statements Due to Late Disclosure, which was filed on July 25, 2025. Upon hearing oral arguments from both sides, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** the Defendant's Motion in *Limine* to Exclude Statements Due to Late Disclosure.

\\

## BACKGROUND

On May 30, 2025, the Defendant was charged with PROMOTING MAJOR PRISON CONTRABAND (As a 2nd Degree Felony) based on events that occurred on or about May 17, 2025. *See* Indictment (May 30, 2025). He asserted his right to speedy trial at arraignment, which took place on June 12, 2025. *See* Arraignment Hr'g Mins. at 11:25:30AM (June 12, 2025).[1] The court originally had Jury Selection and Trial scheduled for July 22, 2025, at 1:00PM. *See* Criminal Trial Scheduling Order (June 17, 2025). Without objection from either party, the court rescheduled it to commence on July 28, 2025. *See* Pre-Trial Conference Mins. at 9:39:18AM (July 16, 2025).[2]

Prior to trial, the Defendant filed his Motion in *Limine* to Exclude Statements Due to Late Disclosure ("Motion in *Limine*") on July 25, 2025. On the day of Jury Selection and Trial, the court heard arguments on the Defendant's Motion in *Limine* and subsequently took the matter under advisement. *See* Jury Selection & Trial Mins. at 2:10:14 – 21:10PM (July 28, 2025). That same day, the court empaneled a jury of twelve (12) and scheduled trial, beginning with opening statements, to commence on August 5, 2025, at 9:00AM. *Id.* at 4:36:42 – 5:02:30PM.

## DISCUSSION

The Defendant seeks the exclusion of two pieces of discovery: (1) any testimony or evidence regarding the alleged statement made to Officer Stephanie Bermudes; and (2) any testimony, documents, or references to the May 24, 2025, disciplinary board hearing and any plea

---

[1] Because the Defendant was detained at the time of arraignment, trial had to commence within forty-five (45) days after his arraignment pursuant to 8 GCA § 80.60(a); specifically, on or before July 27, 2025.

[2] Given that the last day to commence trial would have been on Sunday July 27, 2025, the court rescheduled trial, without objection from the parties, for a date beyond forty-five days of arraignment pursuant to 8 GCA § 80.60(b)(1). "[S]uch an action will *not* be dismissed if the action is set on a date beyond the prescribed period upon motion of the defendant or with his consent, *express or implied,* and he is brought to trial on the date so set or within ten (10) days thereafter" *Quinata v. Superior Court (People),* 2010 Guam 8 ¶ 13 (citing 8 G.C.A. § 80.60(b)(1) (2005) (emphasis added)). Additionally, the Guam Supreme Court has found the Defendant's implied consent to set trial beyond the time period if the defendant failed to object at the time the cause is set for trial. *Id.* ¶ 17.

entered therein. Def.'s Mot. *Limine* (July 25, 2025). Before the court can determine whether exclusion is an appropriate remedy, the court must first decide whether the People violated its discovery obligations to the Defendant.

## A. The People violated its discovery obligation to Defendant Matheus.

8 GCA § 70.10 relays the People's discovery obligations as follows:

(a) Except as otherwise provided by §§ 70.20 and 70.30, at any time after the first appearance upon noticed motion by the defendant, the court shall order the prosecuting attorney to disclose to the defendant's attorney or permit the defendant's attorney to inspect and copy the following material and information within his possession or control, the existence of which is known, or by the exercise of due diligence may become known to the prosecuting attorney:

  (1) the name and address of any person whom the prosecuting attorney intends to call as a witness at the trial, together with his relevant written or recorded statement;
  (2) any written or recorded statement and the substance of any oral statement made by the defendant or made by a co-defendant if the trial is to be a joint one;
  (3) any report or statement of an expert, made in connection with the case, including results of physical or mental examinations and of scientific tests, experiments or comparisons;
  (4) any book, paper, document, photograph or tangible object, which the prosecuting attorney intends to use in the trial or which was obtained from or belonged to the defendant;
  (5) any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as witnesses at the trial;
  (6) whether there has been an electronic surveillance of conversations to which the defendant was party or of his premises;
  (7) any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment therefor.

(b) The prosecuting attorney's obligations under this Section extend to any material information in the possession or control of members of his staff and any other persons who have participated in the investigation or evaluation of the case and who either regularly report or with reference to this case have reported to his office.

8 GCA § 70.10(a)–(b).

Further, all parties have a continuing duty to disclose to the other party, attorney, or the court "additional material or information previously requested or ordered, which is subject to disclosure." 8 GCA § 70.40. Here, the Defendant argues that the People violated its discovery obligations to him after disclosing discovery as late as three days before trial. *See* Def.'s Mot. *Limine* at 2. On the day of trial, the People argue that even though the disciplinary board report existed since May, the Office of the Attorney General "had no knowledge of it until preparing for trial this past week." Jury Trial Mins. at 2:11:15 – 11:49PM (July 28, 2025). In accordance with 8 GCA § 70.40, the People further argued that when it received that report, it was turned over to defense immediately. *Id.*

Despite no noticed motion that was filed, the Defendant made his oral request for discovery at arraignment on June 12, 2025. *See* Arraignment Hr'g Mins. at 11:25:30AM (June 12, 2025). Additionally, the court also reminded the People to submit any undisclosed discovery as soon as possible in consideration of the Defendant's assertion of speedy trial. *See* Further Proceedings Mins. at 2:44:30 – 45:15PM (June 20, 2025). As stated in his Motion in *Limine*, "Government counsel stated that the People were ready to proceed to trial and made no indication that additional reports or discovery were forthcoming." Def.'s Mot. *Limine* at 1–2. Specifically, the People stated at the Pre-Trial Conference that although they had been negotiating about a possible global resolution of the Defendant's pending criminal matters, "either way, we are prepared to proceed to trial if they continue to assert." Pre-Trial Conference Mins. at 9:25:46 – 26:11AM (July 16, 2025).

While the People maintain that it had no knowledge of the disciplinary board report or until interviewing one of the witnesses the week prior, the court is also aware that that same witness has been on the People's Witness List since June 13, 2025. *See* Ppl.'s Witness List (June

13, 2025). Had the People exercised its due diligence in this case, the People would not have waited until the week before Jury Selection and Trial to interview witnesses it intends to call in light of its representations to the court that the People were ready to proceed to trial on this asserted case. Therefore, the court finds that the People violated its discovery obligations to Defendant Matheus under 8 GCA § 70.10.

**B. Exclusion of evidence is not an appropriate sanction in this case.**

"If at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an order issued pursuant to this Chapter, the court may order such party to comply with the prior order, grant a continuance, or issue such other order as it deems just under the circumstances." 8 GCA § 70.45.

When trial judges select a sanction to impose against counsel, the Guam Supreme Court has iterated that the appropriate sanction is "proportionate to the misconduct." *People v. Tuncap*, 1998 Guam 13 ¶ 24 (quoting *United States v. Gee*, 695 F.2d 1165, 1169 (9th Cir. 1983)). In addition, the trial court should impose the least severe sanction to achieve "prompt and full compliance with the court's discovery orders." *Id.* (quoting *United States v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir. 1982)). The Guam Supreme Court has found that the better policy when applying sanctions is to choose one that "affect[s] the evidence at trial and the merits of the case as little as possible." *People v. Martinez*, 2017 Guam 23 ¶ 14 (quoting *Tuncap*, 1998 Guam 13 ¶ 23 (citation and internal quotation marks omitted)).

The Defendant argues that "exclusion is the only remedy that prevents prejudice" with trial commencing within three days of his Motion in *Limine*. Def.'s Mot. *Limine* at 2. While maintaining its compliance with discovery obligations in this case, the People stated to the court

that "the suggested remedy is continuation in order to give defense the time they need if the main complaint is lack of time." *See* Jury Trial Mins. at 2:11:50 – 12:41PM (July 28, 2025).

On July 28, 2025, the court empaneled a jury in this case in accordance with Guam's statutory speedy trial statutes. While the court agrees that the People untimely disclosed discovery to the Defendant on July 24th and 25th, it also notes that this jury trial is not scheduled to begin until August 5, 2025. The continuance of the trial has given the Defendant an additional week to review the untimely discovery and prepare for trial. In light of an empaneled jury and continued trial in this case, the extent of the Defendant's prejudice due to the People's discovery violation is not severe enough to warrant exclusion of the evidence. Nonetheless, the court strictly admonishes the People for its lack of due diligence in producing late discovery on the eve of trial after assuring the court it was ready to proceed to trial.

Therefore, the court finds that the Defendant's proposed sanction of exclusion is not proportionate to the People's misconduct in this case. Further, the court finds that continuance of the trial to August 5, 2025, is the least severe sanction in this case to achieve the People's prompt and full compliance with the court's discovery order.

\\

\\

\\

\\

\\

\\

\\

\\

\\

## CONCLUSION

For the reasons stated above, the court **DENIES** the Defendant's Motion in *Limine* to Exclude Statements Due to Late Disclosure.

Jury Trial is scheduled before this court on August 5, 2025, at 9:00AM.

**SO ORDERED** this ⬚JUL 3 1 2025⬚ _____.



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
Copy of the original was e mailed to
*AG, APD*

Date 7/31/25 Time 12:20pm
*Albert Caldos Cr*
Deputy clerk , Superior Court of Guam